No. 31,443

THE VOILAND PRINTING COMPANY, *Appellee*, v. JOHN B. CHRISTMAN, *Appellant*.

(31 P. 2d 17.)

Opinion filed April 7, 1934.

*A. E. Crane, A. Harry Crane* and *Ward D. Martin,* all of Topeka, for the appellant.

*Oscar Raines, Ralph F. Glenn, Ivah Raines Glenn* and *Wendell B. Garlinghouse,* all of Topeka, for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover a balance due on an account for printing advertising matter.

The petition alleges that, at the special instance and request of the defendant, the plaintiff company printed the items set forth in the account, the total value of which was $907.96; that the defendant had paid $500, and that there was a balance due of $407.96 and interest. The defendant filed a verified answer admitting that he ordered the printing, but alleging that he placed the order with the plaintiff for the Miller Maid Cook Ware Company and that he at no time obligated himself personally for the account set out in the petition nor had he personally paid any of the amount credited thereon; that the plaintiff had made claim against the ware company for the account and that the payments which the plaintiff had received had been from funds of the ware company. To this plaintiff filed its verified reply denying all the allegations of the answer except such allegations as admitted the allegations of plaintiff's petition.

Trial was had before the court, which rendered judgment against the defendant, who appeals.

The appellant's argument is that he ordered the printing for the ware company, which was responsible for the obligation; that he did not in writing promise to pay the debt and that under the statute

of frauds (R. S. 33-106) he cannot be held liable. This argument is based on appellant's version of the testimony and ignores a version thereof favorable to the plaintiff and a version which, in view of the court's judgment, must be given to all of the testimony. It is necessary only to examine the record to determine whether there is any testimony which supports the trial court's finding in favor of the plaintiff.

Plaintiff's evidence tended to show that the defendant personally ordered the printing done and at the time the order was given did not disclose that he represented the ware company or any other person as agent, the defendant stating to the president of the plaintiff company:

"I am trying to pull this company out of the hole down here, and am going to use this method to do it."

After the work was done, he requested plaintiff company to send a statement to the ware company, which was done. There is other evidence that the defendant personally ordered the printing done and stated he would pay for it. The defendant's evidence, which was denied by the plaintiff, tended to show that the securities company of which he was secretary and treasurer was the financial agent of the ware company and that the plaintiff was so informed; that the securities company bought commercial paper of the ware company and that the moneys which he paid the plaintiff company were of funds belonging to the ware company. He admitted that "unfortunately" he generally talked in the first person and that he may have spoken in the first person in ordering the printing. He stated further that he did not tell Mr. Voiland he would pay the bill himself, but he would try to help him get the money. He stated that he did not remember making the statement "I am paying for this"; that he thought he said a number of times that he would do everything he could to see that it was paid for. There was much other testimony with reference to the situation existing between the ware company and the securities company, what the printing was to be used for, how the payments on the account happened to be made and other matters not necessary to be set out. After the conclusion of the testimony the trial court elected to believe the plaintiff company's version, and judgment was rendered in its favor.

In *Solomon v. Lampl,* 135 Kan. 469, 11 P. 2d 1028, appears the following:

"In *State, ex rel., v. Telephone Co.,* 115 Kan. 236, 269, 223 Pac. 771, Mr. Justice Marshall estimated that this court had decided 'probably five hundred times' that where a finding of fact by jury, referee or trial court had the support of competent though disputed testimony this court would not disturb it." (p. 478.)

And other cases to the same effect are cited. In such circumstance, it must be held that the court believed that the defendant personally ordered the printing, and that being so, the question of the statute of frauds or of the agency of the defendant for the ware company need not here be discussed.

The judgment of the lower court is affirmed.